AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle | |
|---|---|---|
| Name Jerry Mason | Prisoner No. BK-6012 | Case No. |
| Place of Confinement Rockview Correctional Institution Box A Bellefonte, PA. 16823 | 1:CV00-1490 | |
| Name of Petitioner (include name under which convicted) Jerry Mason | v. | Name of Respondent (authorized person having custody of petitioner) Robert W. Meyers |
| The Attorney General of the State of: Pennsylvania | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _____
   Court of Common Pleas of Luzerne County

2. Date of judgment of conviction ___ March of 1988

3. Length of sentence ___ 14 years to 28 years

4. Nature of offense involved (all counts) ___ Rape, IDSI, Kidnap, IDSI (second count)
   Unlawfull Restraint, Terr. Threats, Ind. Asslt.

   FILED
   SCRANTON
   AUG 21 2000
   PER _____
   DEPUTY CLERK

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

  (a) Name of court __Superior Court of Pennsylvania__

  (b) Result __Judgment of sentence affirmed__

  (c) Date of result and citation, if known __unknown__

  (d) Grounds raised __unknown__

  (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __Supreme Court of Pennsylvania__

   (2) Result __Petition for Allowance of Appeal denied__

   (3) Date of result and citation, if known __unknown__

   (4) Grounds raised __unknown__

  (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

  (a) (1) Name of court __Court of Common Pleas of Luzerne County__

   (2) Nature of proceeding __Petition for Post Conviction Collateral Relief__

   (3) Grounds raised __Actual Innocence - Ineffective Assistance of Counsel - Conflict of Interest - lack of__

(3)

AO 241 (Rev. 5/85)

investigation. Same as listed herein.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☑  No ☐

(5) Result ___The lower court has not issued a final order___

(6) Date of result ___N/A___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___U.S. District Court (middle district of PA.)___

(2) Nature of proceeding ___Petition for Writ of Habeas Corpus (2254).___

(3) Grounds raised ___Inordinate Delay - Request to amend petition___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result ___Petition denied-Appealed Third Circuit (case remanded)___

(6) Date of result ___District Court (Dec.16,1997) Circuit Court (Mar.20,200___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐   No ☑
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___No final order from the lower court has been issued___

___Therefore, petitioner would be unable to appeal to the next___

___highest state court.___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

<mark>

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Actual Innocence based upon DNA evidence

Supporting FACTS (state *briefly* without citing cases or law) Petitioner filed a P.C.R.A. motion with the court of common pleas of Luzerne county claiming "I am an innocent man", raising an actual innocence claim. This claim is based upon the DNA evidence in the possession of the District Attorney's office of Luzerne county. This evidence was never tested to exclude the petitioner.

(see attached pg. 5A)

B. Ground two: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel was ineffective for failure to test the DNA evidence in order to exclude the petitioner as the donor. Counsel failed to object to the reference of this evidence in the presence of the jury which lead them to assume the donor was the petitioner. Counsel failed to investigate witnesses who could have placed the petitioner in a different location. (see attached pg. 5B)

(5)

AO 241 (Rev. 5/85)

C. Ground three: __Conflict of Interest__

Supporting FACTS (state *briefly* without citing cases or law): __The original assistant District Attorney who worked on this case in the Pre-Trial stage left the DA's office to work in the Public Defenders office with the petitioners attorney while petitioner was in trial. After petitioner was convicted the aforementioned D.A. was appointed to represent the petitioner on appeal. The afforementioned D.A. did then do the appeal for the petitioner. Conflict counsel was appointed but the appeal was done by the afforementioned D.A.__

__(see attached pg. 6A)__

D. Ground four __Failure to conduct an Investigation and Attack Legal Jurisdiction of this case__

Supporting FACTS (state *briefly* without citing cases or law): __Testimony given at the P.C.R.A supports the failure to investigate on behalf of the petitioner. Potential witnesses were not investigated. No attempt was made on behalf of petitioner to locate the crime scene. Testimony given at the P.C.R.A. hearing by the petitioners Trial Attorney determined there was no investigation done on behalf of petitioner.__ __(see attached pg. 6B)__

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

No final order has been issued by the court of common pleas of Luzerne county so petitioner could not present these issues to the states highest court.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☑  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing __Thomas Marsillio, address unknown__

(b) At arraignment and plea __Thomas Marsillio__

AO 241 (Rev. 5/85)

(c) At trial ___Thomas Marsillio___

(d) At sentencing ___Joseph Vullo, address unknown___

(e) On appeal ___Virginia Murtha, and Joseph Vullo___
Virginia Murtha was later removed because she prosecuted the case before being assigned to the defense of the same case.

(f) In any post-conviction proceeding ___Demetrious W. Fannick, address unknown___

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☑   No ☐
(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___Court of Common Pleas of Luzerne County___
(b) Give date and length of the above sentence: ___10 year minimum___
___Date imposed unknown___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
___8/8/00___
(date)

_Jerry Mason_
Signature of Petitioner

(7)

# I. Actual Innocence

Petitioner states that evidence was presented at his Trial that could exclude him as the person who committed this crime. The evidence was DNA trace evidence left on the victims clothing. Petitioner requested that this evidence be tested in order to prove his innocence. However, the testing was never done. To this day, petitioner has never been tested in order to exclude him as the donor.

Petitioner requested that Trial Counsel preserve this evidence so that testing could be done upon Court order, however Trial Counsel never petitioned the Court for such an order.

Along with the DNA evidence to prove an Actual Innocence claim, petitioner would present a witness that would prove the identification of petitioner was tainted. The victim never originally identified the petitioner. The identification was made by a third party which placed the suggestion that petitioner was involved. The witness could have explained the suggestion in testimony but was never called by Trial Counsel (see Ineffective Claim).

These two key pieces of evidence (but by no means the only ones) would have proved the petitioners innocence.

## II. Ineffective Assistance of Counsel

Ground one is hereby incorporated by reference herein. Trial Counsel was Ineffective for failure to object to the presentation of trace evidence (DNA) in front of the jury. Although the evidence did not prove it was from the petitioner, the jury was left to conclude that the petitioner was the donor. Counsel's failure to have this evidence tested, prior to Trial, to prove this petitioner innocent amounts to Ineffective Assistance of Counsel.

In addition to ground one, Counsel was ineffective for failure to investigate witnesses who would have testified that petitioner's identification was flawed. The victim in this case was told, after she failed to describe the petitioner, what the petitioner's general description was, including his name.

Had Trial Counsel investigated this case he would have been able to present witnesses who would have shown that the identification of the petitioner was in fact flawed.

Counsel was ineffective for failure to investigate witnesses that would have placed the petitioner in a different location when the crime was committed.

This, coupled with Counsel's failure to challenge the DNA evidence amounts to Ineffective Assistance of Counsel.

Additionally, petitioner does not limit himself to the above mentioned grounds, once a complete review of the Trial records has been conducted, more reasons may be presented.

5 B

### III. Conflict of Interest

Grounds I and II are hereby incorporated by reference herein. As mentioned, the Conflict of Interest count stems from the original Assistant District Attorney in this case, who handled all the preliminary proceedings, left the District Attorney's office to work in the Public Defenders office. The same office of Trial Counsel for the petitioner.

It is unclear whether the original Assistant District Attorney worked on petitioner's case during the trial, but, the fact that Trial Counsel during the trial never tested the original DNA sample or conducted an investigation or interviewed witnesses for the presentation of trial raises the question of this Conflict of Interest.

Furthermore, when petitioner was convicted, he requested that an Appeal be filed on his behalf. The original Assistant District Attorney, who is now a Public Defender, filed this Appeal.

Clearly this is a Conflict of Interest. It is not reasonable to conclude that the original Assistant District Attorney, who believed in petitioner's quilt, would have petitioner's best interest in mind when filing his Appeal.

Additionally, the issues that should have been raised, including but not limited too, the DNA evidence, was excluded. This becomes even more suspect when petitioner brought this Conflict of Interest to the Courts attention.

The lower Court then appointed new Counsel to represent petitioner on Appeal. New Counsel took the original Appeal Brief filed by the original Assistant District Attorney and filed it with the Superior Court of Pennsylvania. The Conflict therefore still existed.

This case was not shipwrecked by bad seamanship, it simply was never launched. The shell game continues even to this day with the DNA evidence, lack of any investigation and failure to present witnesses.

6 A

### III. Conflict of Interest

Furthermore, it should be noted that the Assistant Districe Attorney who took over the case from the original Assistant District Attorney, who handled the Trial and Sentencing of Petitioner, had a Conflict of Interest due to this Assistant District Attorney's handling of the Petitioner's mother's estate at that time.

Additionally, the Trial Assistant District Attorney had an interest in Petitioner's conviction. A conviction would ensure the estate stays open. A relative of Petitioner contacted the Court recently and was told the estate is still open (petitioner's mother passed away in 1985).

The Petitioner's mother's last wishes (a handwritten letter) was never probated (this letter is in the coroner's file) which specifically bequeathed certain contents of the estate to Petitioner. However, this bequeath was never honored.

This Conflict of Interest in addition to all other grounds raised clearly shows the serious flaws in this case.

6 A

## IV. Failure to conduct Investigation
## and Attack Legal Jurisdiction of the Court

Grounds I, II, and III are hereby incorporated by reference herein.

The failure to conduct an investigation into this case is very telling of the conduct of the parties involved.

First, the Public Defender's investigator stated at the Trial that he never interviewed witnesses. At the hearing for Post Conviction, Counsel testified that he never interviewed witnesses.

Most importantly, evidence was given that DNA testing could be done, but neither Trial Counsel, Appellant Counsel, who was the original Assistant District Attorney, nor Appointed Counsel, who filed the D.A.'s brief on petitioner's behalf anyway, requested such testing. Petitioner asks the question, why is that?

That testing is part of the investigation. It is evidence that could either convict or acquit a defendant.

Interviewing witnesses is additionally a key factor in conviction or acquittal. Why Counsel would not interview witnesses is very telling of his overall performance.

The Police never conducted a full investigation into this case. Testimony at Trial along with other facts presented shows that the crime was committed in another county, leaving Luzerne County without Legal Jurisdiction over this case.

The evidence to right a wrong is in the DNA. The reason it has never been tested is because everybody involved knows it would open the eyes of blind justice. Additionally, it would bring into question the motive of the Police and District Attorney.

Petitioner request the right to amend these grounds once he has had the opportunity to review the Trial Transcripts.

O/S Fuller

```
Wed Aug 16 09:18:59 2000
UNITED STATES DISTRICT COURT
SCRANTON      , PA
Receipt No.   111.131932
Cashier       phil
Tender Type   CHECK
Check Number: 106174
Transaction Type  N
DC Code   Div No   Acct
4667       1      086900
Amount          $   5.00
SUSQUEHANNA VALLEY FCU 1213 SLATE HI
LL RD CAMP HILL PA 17011
HAB COR FILING FEE FOR JERRY MASON
```

...s cas[e]
...the
...afforded me an opportun[ity]
to refile an all enclusive
Habeas petition I wasn't sure if
I should still use the previou[s]
case No. My apology for
any confusion.

FILED
SCRANTON
AUG 21 2000
PER _____
DEPUTY CLERK

Sincerely,
Jerry Mason