# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERRY MASON,                :      CIVIL NO. **1:00-CV-1490**

          Petitioner    :      (Judge Rambo)

        v.              :      (Magistrate Judge Smyser)

ROBERT W. MEYERS,       :
Superintendent,         :

         Respondent    :

**FILED**
HARRISBURG, PA

SEP 0 8 2000

MARY E. D'ANDREA, CLERK
Per_____
                Deputy Clerk

## ORDER

On August 21, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Antiterrorism Effective Death Penalty Act (AEDPA) bars state prisoners from attacking their convictions through second or successive habeas corpus petitions except in very limited circumstances. *See* 28 U.S.C. § 2244(b). AEDPA also imposes a one year statute of limitations on petitions for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d). "Habeas petitioners must therefore be

1

careful to avoid the twin procedural bars that AEDPA has created." *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999). To avoid making successive claims, petitioners must marshal in one § 2254 petition all of the arguments they have to collaterally attack their convictions. *Id.* And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final. *Id.* Pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the district court is required to give to the petitioner notice regarding the effects of filing a § 2254 petition in light of AEDPA and advise the petitioner that he can (1) have his petition ruled upon as filed; (2) if his pleading is not styled as a § 2254 petition have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d). In addition to what is explained above, to fulfill

the notice requirement of *Mason*, we set forth the relevant

provisions of 28 U.S.C. § 2244:


      (b)(1) A claim presented in a second or
successive habeas corpus application under section
2254 that was presented in a prior application shall
be dismissed.

      (2) A claim presented in a second or
successive habeas corpus application under section
2254 that was not presented in a prior application
shall be dismissed unless–

      (A) the applicant shows that the claim
relies on a new rule of constitutional law, made
retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable;
or

      (B)(i) the factual predicate for the claim
could not have been discovered previously
through the exercise of due diligence; and

      (ii) the facts underlying the claim, if
proven and viewed in light of the evidence as a
whole, would be sufficient to establish by clear
and convincing evidence that, but for
constitutional error, no reasonable factfinder
would have found the applicant guilty of the
underlying offense.

      (3)(A) Before a second or successive application
permitted by this section is filed in the district
court, the applicant shall move in the appropriate
court of appeals for an order authorizing the
district court to consider the application.

      (B) A motion in the court of appeals for an
order authorizing the district court to consider a

3

second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

4

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AND NOW, this 8th day of September, 2000, **IT IS HEREBY ORDERED** that on or before September 28, 2000, the petitioner shall inform the court whether he wants to (1) have his petition ruled upon as filed; (2) if his pleading is not styled as a § 2254 petition, have his pleading recharacterized as a §

5

2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d).  If the petitioner fails to inform the court which option he chooses, we will rule on the petition as captioned.

J. Andrew Smyser
Magistrate Judge

Dated:   September 8, 2000.

6

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 8, 2000

Re:  1:00-cv-01490   Mason v. Meyers


True and correct copies of the attached were mailed by the clerk
to the following:


        Jerry Mason
        SCI-R
        SCI at Rockview
        BK-6012
        P.O. Box A
        Bellefonte, PA  16823



cc:
Judge                         (  )
Magistrate Judge              (  )
U.S. Marshal                  (  )
Probation                     (  )
U.S. Attorney                 (  )
Atty. for Deft.               (  )
Defendant                     (  )
Warden                        (  )
Bureau of Prisons             (  )
Ct Reporter                   (  )
Ctroom Deputy                 (  )
Orig-Security                 (  )
Federal Public Defender       (  )
Summons Issued                (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5           (  )
Order to Show Cause           (  ) with Petition attached & mailed certified mail
                                  to: US Atty Gen   (  ) PA Atty Gen (  )
                                      DA of County  (  ) Respondents (  )

Bankruptcy Court              (  )
Other_____        (  )

                                      MARY E. D'ANDREA, Clerk


DATE: _____9/8/00_____              BY: _____
                                          Deputy Clerk