# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| Jerry Mason,<br>    Petitioner | Civil No. 1:00-CV-1490 |
| vs | (Judge Rambo) |
| Robert W. Meyers; and<br>Attorney General of the<br>Commonwealth of Pennsylvania<br>    Respondents | (Magistrate Judge Smyser) |

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner, Jerry Mason, respectfully request this Honorable Court to appoint counsel to pursue his petition for Writ of Habeas Corpus-2254- and in support thereof, states the following:

Petitioner originally filed a petition for Writ of Habeas Corpus with this court on August 12,1997. (originally docketed at No.1:cv-97-1248)

The Honorable Magistrate Judge Smyser filed a Report and Recomendation that the petition be denied.

Petitioner filed an appeal to the Third Circuit Court of Appeals, and on March 20,2000, the Third Circuit Court remanded the case back to the District Court.

This Honorable Court on April 18,2000, issued an order allowing Petitioner, among other things, to withdraw his original petition, and re-file an all inclusive petition for Writ of Habeas Corpus within 120 days of the April 18,2000 order.

On May 1, 2000, Petitioner requested that his original petition be withdrawn.

Presently before this Honorable Court is Petitioner's All Inclusive petition for Writ of Habeas Corpus in accordance with this Courts Order of April 18, 2000.

## APPOINTMENT OF COUNSEL

Petitioner has filed as an issue a claim of Actual Innocence based upon DNA evidence. Due to the nature of this claim, Appointment of Counsel would facilitate this issue. Additionally, Counsel would be able to raise and argue all issues involved.

Pursuant to **Tabron vs Grace**, 6F.3d 147 (1993) Petitioner will outline the criteria in which counsel may be appointed. (Although Tabron was dealing with a 1983 claim, the Appointment of Counsel nature is the same)

The First requirement is the District Court must consider as a threshold matter the merits of the claim. As stated above, Petitioner will claim Actual Innocence based upon DNA evidence. Although there are several other claims, this claim alone, when proved, will be a significant factor in the granting of a new Trial. Therefore, as a threshold claim, the Actual Innocence claim should meet that requirement.

Furthermore, although Petitioner has presented his claims to this Honorable Court for review, Appointment of Counsel would be necessary in order to obtain, review and present to this Court the evidence actually necessary to prove his claims. That is, evidence in addition to the DNA evidence.

2

Additionally, petitioner can only make averments of the claims at this point, due to the fact that Petitioner does not have any discovery material, Pre-Trial Motions, Trial transcripts or any other documentation necessary to substantiate his averments at this stage. However, Counsel would be able to actually procure the evidence needed for this Honorable Courts review of this case. All issues presented are supported by the record.

The next requirement is the Petitioners ability to present his case which is a significant factor. Petitioner has no legal training nor the funds to retain private counsel. Petitioner also states that his past filings with this court have been done (as is this motion) by jailhouse lawyers. The jailhouse lawyers are not available all the time, which is evidenced by the past filings. (Typed motions verses the handwritten filings by Petitioner) This prison does not provide any legal assistance for anyone other than the illiterate.

Additionally, presentation of this case cannot be achieved by averments alone, therefore Petitioner's ability to present his case is called into question. First, due to Petitioner's incarceration, Petitioner has no means of procuring documentation necessary to prove his claims without the aid of Counsel. Secondly, because Petitioner has no legal training, he would not know where to start in order to obtain such evidence necessary to prove his case.

The Third requirement is if it appears the Petitioner has a claim of merit but is incapable of presenting his case, serious consideration should be given to appointing counsel. The Medical evidence which is to be presented to this court cannot be presented by Petitioner alone. The Petitioner has no means of obtaining this DNA evidence without the aid of counsel.

As stated above, due to Petitioner's incarceration, Petitioner does not have the means to present his case. Obtaining the DNA evidence, which is in the possession or control of the Commonwealth of Pennsylvania, would be an almost impossible task for Petitioner to take on by himself. The Court Orders, chain of Custody issues, testing of the sample and finally, presentation to this Court of the findings would best be served if Counsel was Appointed to facilitate this endeavor.

Additionally, Counsel would be able to perform a complete investigation into all the issues involved in this case. All issues raised present a question of the Constitutionality of Petitioner's original Trial and the actions of all parties involved. Therefore, the Appointment of Counsel would greatly enhance the presentation of this case.

Additionally, the court must also consider the difficulty of the particular legal issues. The court should be more inclined to appoint counsel if the legal issues are complex. Petitioner states that Medical evidence can be complex in and of itself. In this case, because of the Actual Innocence claim based upon the DNA evidence which is to be conducted, these issues are to complex for Petitioner to present himself.

Furthermore, due to the violations of Petitioner's Constitutional Rights, the legal issues involved in this case will become more complex as the evidence of the Filed Claims are presented to this Court. Petitioner does not have the legal training or ability to sufficiently present the particular legal issues involved in this case.

4

Finally, the other key factor is the degree to which a factual investigation will be required and the ability of Petitioner to pursue such an investigation. Petitioner states that due to his incarceration, any and all investigation would be impossible.

As stated above, and in the Petition for Writ of Habeas Corpus presently before this Honorable Court, Appointment of Counsel would be necessary in order to conduct a factual investigation into all grounds raised. The Petitioner, due to his present confinement, would be unable to conduct a factual investigation, procure documentation, present witnesses and evidence of DNA testing without the aid of Counsel. Therefore, Appointment of Counsel is necessary in the interest of Justice.

## CONCLUSION

Wherefore, Petitioner respectfully requests this Honorable Court to Appoint Counsel for the reasons stated herein and contained within the Petition for Writ of Habeas Corpus presently before this Court. It is Petitioner's belief that he has satisfied the requirements stated herein.

Date: Sept. 25, 2000

Respectfully Submitted,

Jerry Mason
BK6012
Box A
Bellefonte, PA.
16823