ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jerry Mason,  :  Civil No. 1:00-CV-1490
   Petitioner  :

vs  :  (Judge Rambo)

Robert W. Meyers; and  :  (Magistrate Judge Smyser)
Attorney General of the
Commonwealth of Pennsylvania  :
   Respondents

:

FILED
HARRISBURG, PA

NOV 20 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### PETITIONER'S OBJECTIONS TO RESPONDENTS RESPONSE TO RULE SHOW CAUSE AND APPLICATION FOR ENLARGEMENT OF TIME

   Petitioner, Jerry Mason, respectfully objects to the Respondents Response To Rule Show Cause And Application For Enlargement Of Time, and states that Petitioner has never opposed Respondents requests in the past, but is compelled to do so in this matter for the reasons that follow:

   1. Petitioner is acting pro se in the instant petition and filed for Writ of Habeas Corpus on August 10, 2000, without the aid of counsel.

   2. Attorney's, Robert L. Byer and David R. Fine, were appointed by the Third Circuit Court of Appeals for the sole purpose of that Appeal. This appointment ended once the case was remanded back to the District Court.

3. While Petitioner was preparing to file the instant petition, Petitioner was contacted by Attorney David R. Fine, concerning prior discussions about the case, and offered limited services concerning tracking down the whereabouts of the physical evidence (DNA) in this case.

4. Petitioner, of course, did not object and wholeheartedly welcomed the help. Attorney, David R. Fine, made it clear to Petitioner that this was not an offer of representation at the Federal level (Habeas Corpus Petition). This offer was limited to determining the whereabouts of the DNA evidence only.

5. By letter dated August 29, 2000, Attorney, David R. Fine, requested from the District Attorney of Luzerne County the identy of the custodial of the physical evidence (DNA) in this case. (see attached letter as exhibit "A")

6. The District Attorney of Luzerne County has been on notice of that request since that date. To imply to this Court that they just started investigating the status of certain physical evidence is misleading.

7. Furthermore, the District Attorney of Luzerne County, if their statement at 5. is true, would have then totally disregarded Attorney David R. Fines request.

8. Irregardless of the District Attorney's motive, Petitioner states that there were several issues raised within his petition For Writ of Habeas Corpus that they could have responded too, however, they did not even address them in their Application. The District Attorney has not ask this Court for an Enlargement of Time concerning the claims other than the DNA evidence.

9. Furthermore, this Court has not asked the District Attorney to investigate the whereabouts of the physical evidence. The District Attorney was ordered to respond to the claims of the Habeas Corpus Petition, one of those claims stating that physical evidence that can be tested for DNA was presented at trial. For the District Attorney to respond to this claim, all that is needed is for the District Attorney to review the Trial Transcripts and testimony given by witnesses for the prosecution.

10. If the District Attorney needed an Enlargement of Time he had 20 days to request this Court extend the time limit. The actions of the District Attorney is very telling of the continued treatment Petitioner has received throughout the history of this case, including the Appeal process.

11. This District Attorney's investigation into the evidence in this case does not relieve them of this Courts order of October 10, 2000. The reason is obvious enough, because when the District Attorney finds the physical evidence, they will still have to respond to the Petitioner's Writ of Habeas Corpus.

12. The Petitioner has petitioned this Court due to the inordinate delay's in this case. Petitioner request this Court to enforce it's Orders an Rules and furthermore, impose sanctions upon the District Attorney of Luzerne County for violation of this Court's Order of October 10, 2000.

Wherefore, Petitioner respectfully request this Court to deny the respondents Application For Enlargements Of Time, order that Respondents Defaulted in not responding, and impose sanctions for violating this Courts order of October 10, 2000.

Dated: Oct. 16, 2000

Respectfully Submitted,

*Jerry Mason*

Jerry Mason
BK-6012
Box A
Bellefonte,    PA. 16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jerry Mason,  :  Civil No. 1:00-CV-1490
    Petitioner  :

vs  :  (Judge Rambo)

Robert W. Meyers; and  :  (Magistrate Judge Smyser)
Attorney General of the
Commonwealth of Pennsylvania  :
    Respondents

    :

### CERTIFICATE OF SERVICE

I, Jerry Mason, Petitioner Pro Se, hereby certify that on the _16_ day of _October_, 2000, I have served a true and correct copy of the foregoing document on the person and in the manner indicated below:

    Service by First Class Mail,
    Postage pre-paid, addressed as follows:

Frank P. Barletta,
Assistant District Attorney
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA.
18711

**Kirkpatrick & Lockhart** LLP

Payne Shoemaker Building
240 North Third Street
Harrisburg, PA 17101-1507
717.231.4500
www.kl.com

August 29, 2000

David R. Fine
717.231.5820
Fax: 717.231.4501
dfine@kl.com

**BY TELECOPIER AND U.S. MAIL**

Honorable David Lupas
District Attorney of Luzerne County
200 North River Street
Wilkes-Barre, PA 18711

Re: *Commonwealth v. Jerry L. Mason*, No. 2015 of 1987

Dear Mr. Lupas:

Our firm represents Mr. Mason. It is our understanding that, during the investigation that culminated in Mr. Mason's trial in March of 1988, the Commonwealth obtained certain physical evidence including, but not limited to, a pair of underpants purportedly worn by the victim at the time of the offense.

Mr. Mason intends to take appropriate actions to obtain a court order allowing DNA testing of any such evidence. Accordingly, we request that you notify us as soon as possible of the status and whereabouts of any such evidence gathered during the investigation. If the evidence no longer exists, we would appreciate learning when and how it was destroyed. If the evidence still exists, we request that no action be taken that could in any way result in its degradation or destruction.

We appreciate your kind assistance in this matter.

Very truly yours,

David R. Fine

cc: Mr. Jerry Mason