

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MASON, | : | |
| Petitioner | : | CIVIL NO. 1:00-CV-1490 |
| | : | |
| ROBERT W. MEYERS, | : | (Chief Judge Rambo) |
| Superintendent, | : | (Magistrate Judge Smyser) |
| Respondent | : | |

FILED
SCRANTON
DEC -1 2000
PER _____
DEPUTY CLERK

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

DAVID W. LUPAS, District Attorney of Luzerne County, by FRANK P. BARLETTA, Assistant District Attorney of Luzerne County, on behalf of Respondents, respectfully request that the Petition for Writ of Habeas Corpus be denied without a hearing and, in support thereof, state the following:

1. A *seriatim* answer will be dispensed with for the sake of clarity.

2. Petitioner seeks habeas corpus relief from a judgment of sentence imposed following his conviction by jury on two counts of Involuntary Deviate Sexual Intercourse, and one count each of Rape, Kidnaping, Indecent Assault, Terroristic Threats, and Unlawful Restraint.

3. The Honorable Gifford Cappellini sentenced Petitioner to terms of incarceration of eight (8) to sixteen (16) years, and a consecutive term of four (4) years probation, on the rape conviction; two (2) concurrent terms of incarceration of six (6) to twelve (12) years, and a consecutive term of five (5) years probation, on the Involuntary Deviate Sexual Intercourse convictions, running consecutively to the rape conviction; a term of four (4) to eight (8) years incarceration on the kidnaping conviction, concurrent with the rape conviction; and terms of one (1) to two (2) years each

concurrent to the rape conviction. He was also ordered to pay all costs, and restitution to the victim and the victim's husband's employer.

4.  Petitioner filed a timely Motion to Modify Sentence. This Motion was denied by the trial court on November 29, 1989.

5.  Petitioner appealed his sentence to the Pennsylvania Superior Court. On August 27, 1990, the Superior Court vacated the portion of the trial court's sentence directing Petitioner to pay restitution to the victim's husband's employer, and otherwise affirmed the judgment of sentence. A copy of the Superior Court's Opinion has previously been provided to this Court. Petitioner filed a Petition for Allowance of Appeal on October 1, 1990, which was denied on January 31, 1991.

6.  On March 24, 1992, Petitioner filed a petition for Post-Conviction Collateral Relief in the Court of Common Pleas of Luzerne County. The Court appointed counsel for Petitioner, and scheduled a hearing for June 17, 1993.

7.  Defense counsel subsequently filed a Motion of Continuance, on the grounds that he had been unable to locate Petitioner, and that Petitioner had requested counsel to withdraw the Petition for Post-Conviction Collateral Relief. The Court granted this Motion by Order dated June 15, 1993.

8.  No further action has been taken on Petitioner's Petition for Post-Conviction Collateral Relief.

9.  Transcripts of Petitioner's Alibi Defense Hearing, Jury Trial, Sentencing and Modification of Sentence Hearing, and PCRA Continuance Hearing are available.

10.  On August 12, 1997, Petitioner filed Petition for Writ of Habeas Corpus. This Court denied this Petition. However, Petitioner was subsequently granted the right to file a new Petition by an order and opinion of the United States Court of Appeals for the Third Circuit.

11.  Petitioner subsequently filed a petition in the United States District Court for

the Middle District of Pennsylvania. Respondents were directed to respond on or before October 30, 2000. However, Respondents were subsequently granted a short extension of time, and now must respond on or before December 1, 2000.

12. Defendant's first claim in the instant petition addresses is alleged request that the victim's clothing be tested for DNA, and alleges that such testing could have proved his innocence. Petitioner also argues that DNA evidence should not have been admitted, as the evidence did not prove that Petitioner was the source of the DNA. DNA testing was first approved for use in Pennsylvania Courts in Commonwealth v. Brison, 618 A.2d 420 (Pa. Super. 1992). As this took place long after Petitioner's original trial, he was not entitled to any such testing at the time of trial. Furthermore, counsel cannot be found ineffective for failing to seek such testing, as counsel's representation must be appraised in terms of the standards in effect at the time his stewardship is in question, and counsel may not be found ineffective for failing to predict future legal developments. Commonwealth v. Robinson, 682 A.2d 831 (Pa. Super 1996). Accordingly, Petitioner is not entitled to relief on this grounds under the theory that the evidence should have been tested for DNA, or the theory that counsel was ineffective for failing to seek such testing.

13. Petitioner also raises an argument regarding an alleged witness who would have challenged the witness's identification of Petitioner as the perpetrator of the crime. Petitioner also argues that counsel was ineffective for failing to investigate or identify this witness. Any testimony of this witness could not be presented at the present time except as after-discovered evidence; however, after-discovered evidence cannot be the basis for the grant of a new trial where the evidence would be used solely to impeach credibility. Commonwealth v. Simpson, 448 A.2d 640 (Pa. Super 1982). In the present petition, the witness is offered only as a means of challenging the credibility of the victim's testimony, and therefore could not be admitted as after-discovered evidence. Petitioner also cannot establish that counsel was ineffective for failing to call the witness. In order to establish ineffectiveness

on this basis, a petitioner must establish that the witness existed; the witness was available; counsel was informed of the existence of the witness, or counsel should otherwise have known of him; the witness was prepared to cooperate and testify for appellant at trial; and the absence of the testimony prejudiced the petitioner so as to deny him a fair trial. Commonwealth v. Ervin, 691 A.2d 966 (Pa. Super. 1996). Petitioner has not alleged any of these elements; in fact, he has not even alleged the identity of the witness or that the witness was available at the time of trial. Accordingly, he cannot establish ineffectiveness on counsel's part.

14.     Petitioner next alleges a conflict of interest on the part of his former counsel, who worked in the District Attorney's Office before working in the Public Defender's Office. While prejudice is presumed when counsel is burdened by a natural conflict of interest, this is so only if a defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest effected his lawyer's performance. Commonwealth v. Smith, 552 A.2d 1053, (Pa. Super. 1988). None of Petitioner's factual allegations regarding a conflict of interest were supported by the factual record. Furthermore, even if one were to accept his allegations as true, there is no indication that any attorney actively represented conflicting interests or that any conflict would have affected a lawyer's performance. Petitioner's allegations are not sufficient to establish unfairness in his trial resulting in the need for reversal now.

15.     Finally, Defendant raises a boilerplate argument alleging failure of his counsel to conduct investigation. This argument assumes the same facts and arguments that were at issue in the prior arguments. As none of them possess merit, this final argument which merely restates them also lacks merit.

WHEREFORE, for the reasons set forth herein, Respondents respectfully request that the Petition for Writ of Habeas Corpus be denied without a hearing.

Respectfully submitted,

_____
DAVIS W. LUPAS
DISTRICT ATTORNEY


_____
FRANK P. BARLETTA
ASSISTANT DISTRICT ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY MASON | : |
| Petitioner | : Civil No. 1:00-CV-1490 |
| vs. | : |
| ROBERT W. MEYERS, Superintendent, | : (Chief Judge Rambo) <br> : (Magistrate Judge Smyser) |
| Respondent | : |

## CERTIFICATE OF SERVICE

I, FRANK P. BARLETTA, Assistant District Attorney of Luzerne County, hereby certify that on the ___ day of _____, 2000, I have served a true and correct copy of the foregoing document on the persons and in the manner indicated below:

Service by First Class Mail, Postage pre-paid, addressed as follows:

Jerry Mason, Pro Se
SCI-Rockview
R.F.D. 3, Box A, Rt. 26
Bellefonte, PA 16823

*Frank P. Barletta*
FRANK P. BARLETTA
ASSISTANT DISTRICT ATTORNEY