UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JERRY MASON,                    :    CIVIL NO. **1:00-CV-1490**
                                :
              Petitioner        :    (Judge Rambo)
                                :
         v.                     :    (Magistrate Judge Smyser)
                                :
ROBERT W. MEYERS,               :
Superintendent,                 :
                                :              **FILED**
              Respondent        :          HARRISBURG, PA

                                           DEC 2 2 2000

                    ORDER        MARY E. D'ANDREA, CLERK
                                 Per _____
                                         Deputy Clerk


        On August 21, 2000, the petitioner, a state prisoner

proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The petitioner raises the

following claims: 1) actual innocence based upon DNA evidence;

2) ineffective assistance of counsel; 3) conflict of interest

of counsel; and 4) failure to conduct investigation or attack

legal jurisdiction of this case.  By an Order dated October 10,

2000, the respondent was ordered to respond to the petition on

or before October 30, 2000.

AO 72A

The respondent did not respond to the petition as ordered.  By an Order dated November 9, 2000, the respondent was order to, within ten days, show cause why a default judgment should not be entered against him and the petition for a writ of habeas corpus be granted and/or other sanctions entered against him based on his failure to obey the Order of October 10, 2000. On November 14, 2000, the respondent filed a response to the show cause order and a request for an extension of time to file his response to the petition.  By an Order dated November 22, 2000, we granted the respondent an extension of time until December 1, 2000, to respond to the petition.

On December 1, 2000, the respondent filed a response to the petition.

On December 13, 2000, the petitioner filed a motion for entry of default and sanctions against the respondent for failing to respond to the petition.  The petitioner claims that he did not receive a copy of the respondent's December 1, 2000, response to the petition.  The respondent's response to the

2

AO 72A

petition contains an undated certificate of service.  However,

the address on the certificate of service to which the

petitioner's copy was allegedly sent does not contain the

petitioner's inmate identification number.  Thus, it is

possible that the petitioner did not receive the respondent's

response.  To avoid delay, we will order that the Clerk of

Court send to the petitioner a copy of the respondent's

response (doc. 15) to the petition.  We will deny the

petitioner's motion for entry of default and sanctions against

the respondent.

The Order of October 10, 2000, provided that the
respondents:

> shall respond to the petition for writ of habeas
> corpus in the manner required by Rule 5, 28
> U.S.C.A. foll. §2254:
>> The answer shall respond to the
>> allegations of the petition.  In addition
>> it shall state whether the petitioner has
>> exhausted his state remedies including
>> any post-conviction remedies available to
>> him under the statutes or procedural
>> rules of the state and including also his
>> right of appeal both from the judgment of
>> conviction and from any adverse judgment
>> or order in the post-conviction
>> proceeding.  The answer shall indicate

AO 72A

what transcripts (of pretrial, trial,
sentencing, and post-conviction
proceedings) are available, when they can
be furnished, and also what proceedings
have been recorded and not transcribed.
There shall be attached to the answer
such portions of the transcripts as the
answering party deems relevant.  The
court on its own motion or upon request
of the petitioner may order that further
portions of the existing transcripts be
furnished or that certain portions of the
nontranscribed proceedings be transcribed
and furnished.  If a transcript is
neither available nor procurable, a
narrative summary of the evidence may be
submitted.  If the petitioner appealed
from the judgment of conviction or from
an adverse judgment or order in a post-
conviction proceeding, a copy of the
petitioner's brief on appeal and of the
opinion of the appellate court, if any,
shall also be filed by the respondent
with the answer.

The respondent's December 1, 2000 response to the

petition does not comply with the Order of October 10, 2000.

The response does not state the respondent's position on

whether or not the petitioner has exhausted state remedies.

The respondent will be ordered to file a supplemental response

stating his position on the question whether the petitioner has

4

exhausted his state remedies and his position on the petitioner's assertion that exhaustion of state remedies should be excused because of inordinate delay in the state court. The respondent should attach to his supplemental response all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief.

The respondent shall serve his supplemental response on the petitioner at the following address:

> Jerry Mason
> BK-6012
> SCI-Rockview
> P.O. Box A
> Bellefonte, PA 16823

The petitioner may file a reply to the respondent's response and supplemental response within ten days of the date the supplemental response is served on him.

AND NOW, this   day of December, 2000, **IT IS HEREBY ORDERED** that the petitioner's motion (doc. 16) for entry of default and sanctions against the respondent is **DENIED.** The

5

AO 72A

Clerk of Court is directed to send a copy of the respondent's response (doc. 15) to the petitioner at the address on file for the petitioner. **IT IS FURTHER ORDERED** that the respondent shall file a supplemental response to the petition within fifteen days of the date of this Order and that the petitioner may file a reply within ten days of the date he is served with the supplemental response.

J. Andrew Smyser
Magistrate Judge

Dated: December 22, 2000.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

December 22, 2000

Re:  1:00-cv-01490    Mason v. Meyers

True and correct copies of the attached were mailed by the clerk
to the following:

        Jerry Mason      With copy of doc #15
        SCI-R
        SCI at Rockview
        BK-6012
        P.O. Box A
        Bellefonte, PA  16823

        David W. Lupas, Esq.
        225 Wyoming Ave
        West Pittston, PA  18643

        Frank P. Barletta, Esq.
        District Attorney's Office
        Luzerne County Courthouse
        200 North River Street
        Wilkes-Barre, PA  18711

        David W. Lupas
        Luzerne County Courthouse
        Wilkes Barre, PA  18711

cc:
Judge                     (  )
Magistrate Judge          (X )  Smyser
U.S. Marshal              (  )
Probation                 (  )
U.S. Attorney             (  )
Atty. for Deft.           (  )
Defendant                 (  )
Warden                    (  )
Bureau of Prisons         (  )
Ct Reporter               (  )
Ctroom Deputy             (  )
Orig-Security             (  )
Federal Public Defender   (  )
Summons Issued            (  ) with N/C attached to complt. and served by:
                               U.S. Marshal (  )    Pltf's Attorney (  )

```
Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                              to:  US Atty Gen    (  )  PA Atty Gen (  )
                                   DA of County   (  )  Respondents (  )
Bankruptcy Court           (  )
Other_____     (  )
```

MARY E. D'ANDREA, Clerk

DATE: December 22nd, 2000                    BY: _____
                                                 Deputy Clerk