ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jerry Mason,<br>Petitioner | : | Civil No. 1:00-CV-1490 |
| vs | : | (Judge Rambo) |
| Robert W. Meyers; and<br>Attorney General of the<br>Commonwealth of Pennsylvania<br>Respondents | : | (Magistrate Judge Smyser) |

FILED
HARRISBURG

DEC 28 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### PETITIONER'S REBUTTAL BRIEF TO RESPONDENTS RESPONSE

Petitioner, Jerry Mason, respectfully files this Rebuttal Brief to Respondents Response and further states that this Rebuttal is filed late due to the Petitioner being served untimely, to wit;

1. This Court ordered the Respondent's to respond to Petitioner's Petition for Writ of Habeas Corpus on or before December 1, 2000.

2. Petitioner, on December 11, 2000, filed with this Court a Motion for Default when no response was received.

3. On December 14, 2000, Petitioner received the Respondent's Response. (a copy of the envelope with the Institutions received date stamp is attached and marked Exhibit "A")

4. The Court will see that the Respondent's Postage meter date reads December 12, 2000. Therefore, Petitioner was not served in accordance with this Courts Orders.

5. The Certificate of Service attached to the response is undated (a copy is attached and marked Exhibit "B"). The Petitioner wonders whether the Courts copy was dated suggesting to the Court that the Petitioner was served at the same time the Court was served?

6. The Respondent's actions, by not serving Petitioner in accordance with this Courts orders, only served one purpose and that purpose was to foreclose from the Petitioner the opportunity to rebut the Respondent's response.

Wherefore, Petitioner respectfully requests this Honorable Court to accept Petitioner's Rebuttal Brief, Nunc Pro Tunc, for the reason(s) stated above.

### PETITIONER'S REBUTTAL BRIEF

7. Respondent's once again state to this Court that no hearing was held on Petitioner's Post-Conviction Collateral Relief Petition (respondent's response at 7 & 8). In the Petitioner's previous Habeas Corpus Petition (1:CV-97-1248) it was established by the evidence presented, in the Exhibits, before the Honorable Magistrate Judge Smyser, that a hearing was in fact held on August 11, 1993 - Courtroom #2 at 10:00 A.M., and now, even after this Court previously determined that the hearing was held, the Respondent's continue to disregard the findings of this Court by continuing to deny there was a hearing.

8. The Respondent's list all the transcripts that are available (respondent's response at 9) but fail to inform this

Court that the transcripts for the Post-Conviction Collateral Relief hearing are also available and are available to the Respondent's.

9. Respondent's do not argue (response at 12) the fact that evidence was presented at Trial that can be tested for DNA evidence. Expert witnesses for the prosecution did testify that there was evidence on the clothing of the victim. The Petitioner's claim is two fold. First, Petitioner raised an Actual Innocence Claim based upon DNA evidence. Secondly, Petitioner raised Ineffective Assistance of Counsel for failure to present evidence of his innocence at trial. Both issues are based upon Counsel's failure to ask that the evidence be tested with the methods available at the time. With the advance in technology, Petitioner requests that the evidence be tested for DNA. Petitioner does not suggest that Counsel should have predicted future legal developments, simply, Counsel should have employed the methods available at the time of trial, but failed to do so.

10. Respondent's Response at 13 deals with the issue of the witness. At the PCRA hearing, trial Counsel testified that he did fail to investigate, he also stated he failed to talk with witnesses he was told by Petitioner could testify on Petitioner's behalf. It's interesting to note that on line 11 at response number 13, the Respondent's state; "or Counsel should otherwise have known him." Petitioner never stated it was a male or female witness in his Habeas Corpus Petition. How would Respondent know it was a male unless they were aware of testimony presented at the PCRA hearing? It is Petitioner's belief that because of testimony presented at the PCRA hearing, that Respondent's contend that the hearing was never held (even after this Court determined it was).

11. Respondent's claim that even though the Assistant District Attorney prosecuting Petitioner became his Attorney in the same case to then defend him, no Conflict of Interest exist. (respondent's response at 14)  The Trial Judge ruled that there was a Conflict and then appointed new Counsel. However, the former Assistant District Attorney still filed the Appellant Brief.  At the PCRA hearing, the former Assistant District Attorney testified she did prosecute Petitioner and then defend him in the same case. It's not reasonable to assume that an Attorney who prosecuted the Petitioner would then have his best interest in mind when filing his Appeal. The proof is in the documents filed by the former Assistant District Attorney.

12. Respondent's state that Petitioner's claim that Counsel failed to investigate is without merit (respondent's response at 15). Testimony presented at the PCRA hearing gives merit to Petitioner's claim of Counsel's failure to investigate. It is not Petitioner's allegations that give this claim merit, but Trial Counsel's own testimony at the PCRA hearing that gives this claim merit. If Respondent would read the transcripts of the PCRA hearing, Respondent would find that it is his argument that is without merit.

## ARGUMENT

13. The issue of DNA testing is guided by a parity of reasoning, where evidence has been preserved which has high exculpatory potential, that evidence should be discoverable after conviction. Due process is not a technical conception with a fixed content unrelated to time, place and circumstances. It is flexible and calls for such procedural protection as the particular situation demands. Clearly, an advance in technology may constitute such a change in circumstance. If Petitioner would be tried now, he would be entitled to DNA testing of the physical evidence. **Commonwealth vs Brison**, 618 A.2d 420

14. If DNA testing could exclude semen from the attacker as belonging to Petitioner, it would strongly impeach the credibility of the victim's identification of Petitioner. To deny Petitioner the opportunity to prove his innocence with such evidence simply to ensure the finality of conviction is untenable, **Id**. citing **In the Matter of Dabbs vs. Vergari, 149 Misc. 2d 844, 570 N.Y.S. 2d 765 (Sup. Ct. Westchester Co. 1990)** Pennsylvania Courts adopted its sister State reasoning in handling DNA evidence.

15. If Trial counsel had employed the testing methods in place at the time of Trial, then evidence would have been in place to attack victim identification. Victim identification, however sincere, is notoriously unreliable. Where a conviction rests largely on identification evidence and advanced technology could definitively establish the accused's innocence, that technology must be utilized. Petitioner claims that DNA testing can prove his innocence if that evidence is tested.

16. Courts should not elevate form so highly over substance that fundamental justice is sacrificed. The question of DNA is the root of Petitioner's Actual Innocence Claim.

17. The Ineffective Assistance of Counsel claim in the Actual Innocence claim deals with Counsel's stewardship of the presentation of the case. As stated above, Counsel testified at the PCRA hearing that he did not investigate this case. Furthermore, Counsel did not test evidence with the technology that existed at the time of trial.

18. Counsel's representation is to be appraised in terms of the standards in effect at the time his or her stewardship is in question. **Commonwealth vs. Pizzo, 529 PA. 155, 158-60, 602 A.2d 823, 825 (1992).** To prove Counsel's ineffectiveness

for failure to call a witness, an appellant must present a particularized argument which demonstrates, at a minimum, the manner in which the missing testimony would have been helpful. **Commonwealth vs. McGill**, 545 PA. 180, 680 A.2d 1131 (1996).

19. The trial transcripts show that trial Counsel did not defend Petitioner with the methods of that time. The sole evidence against Petitioner was the reliability of the identification. Any evidence that could have contradicted that identification should have been presented.

20. The fact that Counsel did not investigate this case adversely affected the out come of this case. A simple investigation would have turned up the witness who's testimony would have conflicted with the victims identification. In addition, had Counsel presented the technology methods employed at the time of trial, Petitioner would have then been able to defend against the evidence presented at trial.

21. The question of DNA now is one of procedural protection. When there now exists a way, through DNA testing, to establish innocence or guilt once and for all, rather than sit by while an innocent man languishes in prison, the evidence must be tested.

22. Counsel may be held to have been ineffective in representing a defendant if the defendant "demonstrated that an actual conflict of interest adversely affected his lawyer's performance", **Commonwealth vs. Smith**, 552 A.2d 1053. The Court in **In re Saladin** 359 PA. Super. 326, 518 A2d 1258 (1986) defined an "Actual Conflict of Interest" as follows. "Such a conflict is evidenced whenever during the course of representation, the interests of Appellant and the interests of another client (the state) towards whom Counsel bears obligations - diverge with respect to a material factual or

legal issue or to a course of action." **Id. at 1261**

23. While it is true that prejudice is presumed, a demonstration that Counsel "Actively Represented Conflicting Interests" and that an Actual Conflict of Interest adversely affected his lawyer's performance. In this case, the Trial Court ruled that there was a Conflict of Interest and appointed new Counsel. However, Counsel with whom the Conflict existed continued to represent Petitioner and did not present issues on Appeal to further Petitioner's interests. The testimony given at the PCRA hearing proves the Conflict of Interest claim.

Wherefore, for the reasons stated herein and the issues before this Court, Petitioner request a hearing on the grounds presented.

Dated: *Dec. 22, 2000*

Respectfully Submitted,

*Jerry Mason*
Jerry Mason
BK-6012
Box A
Bellefonte, PA.
16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jerry Mason, : Civil No. 1:00-CV-1490
    Petitioner :

vs. : (Judge Rambo)

Robert W. Meyers; and : (Magistrate Judge Smyser)
Attorney General of the
Commonwealth of Pennsylvania :
    Respondents

:

### CERTIFICATE OF SERVICE

    I, Jerry Mason, Petitioner Pro Se, hereby certify that on the 22 day of December, 2000, I have served a true and correct copy of the foregoing document on the person and in the manner indicated below:

    <u>Service by First Class Mail</u>,
    <u>Postage pre-paid, addressed as follows</u>:

Frank P. Barletta,
Assistant District Attorney
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA.
18711



OFFICE OF THE
DISTRICT ATTORNEY OF LUZERNE COUNTY
COURT HOUSE
200 NORTH RIVER STREET
WILKES-BARRE, PENNSYLVANIA 18711-1001

Jerry Mason, Pro Se
SCI-Rockview
R.F.D. 3, Box A, Rt. 26
Bellefonte, PA 16823

DEC 14 2000

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERRY MASON                                  :
                                             :
       Petitioner                            : Civil No. 1:00-CV-1490
                                             :
vs.                                          :
                                             :
ROBERT W. MEYERS,                            : (Chief Judge Rambo)
Superintendent,                              : (Magistrate Judge Smyser)
                                             :
       Respondent                            :

## CERTIFICATE OF SERVICE

I, FRANK P. BARLETTA, Assistant District Attorney of Luzerne County, hereby certify that on the ___ day of _____, 2000, I have served a true and correct copy of the foregoing document on the persons and in the manner indicated below:

Service by First Class Mail, Postage pre-paid, addressed as follows:

Jerry Mason, Pro Se
SCI-Rockview
R.F.D. 3, Box A, Rt. 26
Bellefonte, PA 16823

*Frank P. Barletta*
FRANK P. BARLETTA
ASSISTANT DISTRICT ATTORNEY

EXHIBIT "B"