

1-25-01
sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jerry Mason,                              :    Civil No. 1:00-CV-1490
    Petitioner                            :

vs                                        :         (Judge Rambo)

Robert W. Meyers; and                     :    (Magistrate Judge Smyser)
Attorney General of the
Commonwealth of Pennsylvania              :
    Respondents
                                          :

**PETITIONER'S RESPONSE TO THE EXHAUSTION ISSUE**

FILED
HARRISBURG

JAN 2 4 2001

MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

    Petitioner, Jerry Mason, pro se, respectfully files his Response to the Respondent's Response of the Exhaustion issue and states in support thereof, the following;

1. On December 22, 2000, by Order of this Court, the Respondents were ordered to file a Supplemental Response to the Petition for Writ of Habeas Corpus addressing the issue of whether the Petitioner has Exhausted his State Court Remedies and whether the Petitioner's failure to Exhaust State Remedies should be excused. The Respondent's were to respond within fifteen (15) days of the December 22, 2000 Order.

2. The Respondent's deny in their Response, (filed on January 8, 2001) that Petitioner is entitled to Federal Habeas Corpus review at this time. The Respondent's also deny that Inordinate Delay excuses Petitioner's failure to Exhaust State Remedies.

3. On January 16, 2001, Petitioner mailed a request asking this Court to Re-New Petitioner's Motion for Default.

4. On January 16, 2001, in the afternoon mail, Petitioner received the Respondent's Response although the Court received their Response on January 8, 2001, the Post Mark on Respondent's Response to Petition was dated January 11, 2001.

5. Petitioner Respectfully request this Court to withdraw his Request to Re-New his Motion for Default but notes his objections for the Record that the Respondent's have violated this Courts Order, again.

### THE EXHAUSTION ISSUE

6. An assertion that there has been Inordinate Delay in the State Courts may excuse the Exhaustion Requirement **Hankins vs. Fulcomer**, 941 F.2d 246, 250 (3d Cir. 1991). In addition, Courts have generally not required a Petitioner to Exhaust State Court Remedies when the Habeas Corpus Claim itself is a Due Process Claim based on Inordinate Delay in the State Courts. See **Coe vs. Thurman**, 922 F.2d 528, 530-31 (9th Cir. 1990) (citing cases). See also **Allen vs. Duckworth**, 6 F.3d 458, 459 (7th Cir. 1993) (stating, in dicta, that when the claim is Inordinate Delay, requiring exhaustion of that claim "would add another layer of delay - would make the requirement of exhaustion literally exhausting, and might even threaten an infinite regress.")

7. Federal Habeas Corpus Relief is available only when a person is held in State custody in violation of the Constitution or Federal law, **28 U.S.C. 2254 (a)**. Federal Habeas Corpus is not a remedy for errors of State law. **Montgomery vs. Meloy**, 90 F.3d 1200, 1206 (7th Cir. 1996)

2.

>   There is no Constitutional provision or Federal law that entitles a State prisoner to State Collateral Review. **Pennsylvania vs. Finley**, 481 U.S. 551, 557 (1987). "unless State Collateral Review violates some independent Constitutional Right, such as the Equal Protection clause, errors in State Collateral Review cannot form the basis for Federal Habeas Corpus Relief."

8. Additionally, **28 U.S.C. 2254 (b)** provides an exception to the Exhaustion Requirement if: "there is an absence of available State corrective process; (or) circumstances exist that render such process ineffective to protect the rights of the Applicant."

9. In this case, the history of this Petition for Writ of Habeas Corpus is very important to the Exhaustion issue.

10. Petitioner first filed his Petition for Writ of Habeas Corpus on August 12, 1997, at **No: 1:CV-97-1248**, raising an Inordinate Delay Claim based upon the States failure to rule on Petitioner's Post Conviction Relief Act (PCRA) Petition.

11. The District Court assigned the case to Magistrate Smyser who filed a Report and Recommendation on October 22, 1997, holding that Mason (petitioner) was excused from having to first Exhaust State Remedies. Citing **Hankins vs. Fulcomer, 941 F.2d 246, 250 (3d Cir. 1991)** (holding that Inordinate Delay can excuse the Exhaustion Requirement)

12. On December 16, 1997, the District adopted the Report and Recommendation which stated that the Exhaustion Requirement had been met.

13. Additionally, the Third Circuit Court of Appeals in **Mason vs. Meyers**, 208 F.3d 414 agreed that Petitioner had met the Exhaustion Requirement but reversed so that Petitioner could re-file his Petition to include the lower Court issues.

14. In accordance with the Third Circuit Courts opinion and this Courts order of April 18, 2000, Petitioner filed this All Inclusive Petition with the implied Inordinate Delay Claim due to the States failure to Rule on Petitioner's PCRA Petition.

15. In the previous Petition at No: 1:CV-97-1248 and in the instant Petition, the Respondent's have repeatedly stated that Petitioner did not have a PCRA hearing. That statement is the reason for this Petition.

16. The State has not Ruled on Petitioner's PCRA Motion for eight (8) years and the Respondent's ask that the Petition for Writ of Habeas Corpus be denied for failure to Exhaust State Court Remedies.

17. What the Respondent's are asking is for this Court to add another layer of delay and to deny the Petitioner Due Process and Equal Protection of the law.

18. Petitioner has raised violations of Constitutional Rights in the instant Petition. These issues raised, alone, establish violations of Independent Constitutional Rights.

19. Although Inordinate Delay does not violate the Constitution itself, the Inordinate Delay can excuse the Exhaustion Requirement.

4.

20. Since the State has not Ruled on Petitioner's PCRA Petition, and the Respondent's claim that no Hearing was held (which this Court and the Third Circuit Court of Appeals found, that it was in fact, held) and the Petitioner's issues which raise independent violations of the Constitutional Rights of Petitioner, Petitioner should be excused from the Exhaustion Requirement.

Wherefore, for the reasons stated herein and due to the history of this case, Petitioner respectfully request this Honorable Court to excuse Petitioner from the Exhaustion Requirements and allow this case to proceed.

Dated: Jan. 22, 2001

Respectfully Submitted,

Jerry Mason
BK-6012
Box A
Bellefonte, PA.
16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jerry Mason, : Civil No. 1:00-CV-1490
    Petitioner :

vs : (Judge Rambo)

Robert W. Meyers; and : (Magistrate Judge Smyser)
Attorney General of the
Commonwealth of Pennsylvania :
    Respondents

:

## CERTIFICATE OF SERVICE

I, Jerry Mason, Petitioner Pro Se, hereby certify that on the 22 day of January, 2001, I have served a true and correct copy of the foregoing document on the person and in the manner indicated below:

Service by First Class Mail,
Postage pre-paid, addressed as follows:

Frank P. Barletta,
Assistant District Attorney
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA.
18711