*see all*

(22)
1-25-01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MASON, | : | CIVIL NO. 1:00-CV-1490 |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, Superintendent, | : | |
| Respondent | : | |

**ORDER**

FILED
HARRISBURG, PA
JAN 2 4 2001
MARY E. D'ANDREA, CLERK
PER_____ /DEPUTY CLERK

On August 21, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises as grounds for habeas corpus relief: 1) that his request for DNA testing to establish his innocence was not granted and an eyewitness identification of him was tainted; 2) that he did not have the effective assistance of counsel; 3) that there was a conflict of interest on the part of his counsel; and 4) that his counsel failed to conduct an investigation or attack the legal

AO 72A
(Rev 8/82)

jurisdiction of the trial court. By an Order dated October 10, 2000, the respondent was ordered to respond to the petition on or before October 30, 2000.

The respondents, who are the petitioner's prison superintendent and the Attorney General of Pennsylvania, did not respond to the petition as ordered. By an Order dated November 9, 2000, the respondents were ordered to show cause within ten days why a default judgment should not be entered and the petition for a writ of habeas corpus be granted or other sanctions entered based on respondents' failure to respond to the petition. On November 14, 2000, the respondents, by the District Attorney of Luzerne County, filed a response to the show cause order and a request for an extension of time to file his response to the petition. By Order of November 22, 2000, the respondents were afforded an extension of time until December 1, 2000 to respond to the petition.

On December 1, 2000, a response was filed to the petition.

On December 13, 2000, the petitioner filed a motion for entry of default and sanctions against the respondents for failing to respond to the petition. The petitioner asserted that he did not receive a copy of the respondents' December 1, 2000, response to the petition. The response to the petition contained an undated certificate of service. The address to which petitioner's copy was sent did not include the petitioner's inmate identification number. It was possible that the petitioner had not received the response. The Clerk of Court was directed to send to the petitioner a copy of the response (Doc. 15) to the petition. The petitioner's motion for entry of default and sanctions was denied.

The Order of October 10, 2000, provided that the respondents:

3

shall respond to the petition for writ of habeas corpus in the manner required by Rule 5, 28 U.S.C.A. foll. §2254:
> The answer shall respond to the allegations of the petition. In addition it shall state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding. The answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the nontranscribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy

4

>     of the petitioner's brief on appeal
>     and of the opinion of the appellate
>     court, if any, shall also be filed
>     by the respondent with the answer.

The December 1, 2000 response to the petition did not state the respondents' position on whether or not the petitioner has exhausted state remedies. The respondents were ordered to file a supplemental response stating the position of the Commonwealth on the question whether the petitioner has exhausted state remedies and the Commonwealth's position on the petitioner's assertion that exhaustion of state remedies should be excused because of inordinate delay in the state court. The respondents were directed to attach to the supplemental response copies of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief.

5

AO 72A

We ordered that the respondents serve the supplemental response on the petitioner at the following address:

>   Jerry Mason
>   BK-6012
>   SCI-Rockview
>   P.O. Box A
>   Bellefonte, PA 16823

On January 8, 2001, a supplemental response to the petition was filed. The response does not provide to the court as directed copies of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief. We will again order that the respondents provide copies to the court of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief, so that we can make a determination concerning the exhaustion issues.

AO 72A
(Rev.8/82)

On January 17, 2001, the petitioner filed a document entitled "Petitioner's Request to Renew Motion for Default." The petitioner states that he has not been served with any supplement response.

The certificate of service attached to the respondents' supplemental response indicates that the supplemental response was mailed to the petitioner at the petitioner's correct address. We will not become involved in deciding whether in fact the supplemental response was mailed to the petitioner at his correct address. We will direct the Clerk of Court to send to the petitioner a copy of the supplemental response. We will deny the petitioner's renewed request for default.

**IT IS ORDERED** that the petitioner's request (Doc. 20) for default is **DENIED.** The Clerk of Court is directed to send a copy of the supplemental response (Doc. 19) to the petitioner at the address on

7

AO 72A

file for the petitioner.  **IT IS FURTHER ORDERED** that on or before **February 9, 2001** the respondents shall file with the court and serve on the petitioner copies of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief.  The petitioner may file a reply to the supplemental response within ten days of the date he is served by the respondents with the above-described documents.

                                          J. Andrew Smyser
                                          Magistrate Judge

Dated: January  24 , 2001.

8

```
                UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

                * * MAILING CERTIFICATE OF CLERK * *

                        January 24, 2001
```

Re:   1:00-cv-01490    Mason v. Meyers


True and correct copies of the attached were mailed by the clerk to the following:

Jerry Mason
SCI-R
SCI at Rockview         w cops of doc 19
BK-6012
P.O. Box A
Bellefonte, PA   16823

David W. Lupas, Esq.
225 Wyoming Ave
West Pittston, PA   18643

Frank P. Barletta, Esq.
District Attorney's Office
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA   18711

David W Lupas, Esq.
District Attorney of Luzerne County
Courthouse
200 N. River St.
Wilkes-Barre, PA   18711

David W. Lupas
Luzerne County Courthouse
Wilkes Barre, PA   18711

```
cc:
Judge                         ( )
Magistrate Judge              (X)
U.S. Marshal                  ( )
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )

Bankruptcy Court              ( )
Other_____            ( )
```

MARY E. D'ANDREA, Clerk

DATE: 1-24-01

BY: _____
     Deputy Clerk