See at

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MASON, | : | CIVIL NO. **1:00-CV-1490** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, Superintendent, | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

MAR 1 2 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

<u>ORDER</u>

On August 21, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises as grounds for habeas corpus relief: 1) that his request for DNA testing to establish his innocence was not granted and an eyewitness identification of him was tainted; 2) that he did not have the effective assistance of counsel; 3) that there was a conflict of interest on the part of his counsel; and 4) that his counsel failed to conduct an investigation or attack the legal jurisdiction of the trial court. By an Order dated October 10,

AO 72A

2000, the respondent was ordered to respond to the petition on or before October 30, 2000.

The respondent did not respond to the petition as ordered. By an Order dated November 9, 2000, the respondent was ordered to show cause within ten days why a default judgment should not be entered and the petition for a writ of habeas corpus be granted or other sanctions entered based on respondent's failure to respond to the petition. On November 14, 2000, the respondent, by the District Attorney of Luzerne County, filed a response to the show cause order and a request for an extension of time to file his response to the petition. By Order of November 22, 2000, the respondent was afforded an extension of time until December 1, 2000 to respond to the petition.

On December 1, 2000, a response was filed to the petition.

AO 72A
(Rev 8/82)

On December 13, 2000, the petitioner filed a motion for entry of default and sanctions against the respondent for failing to respond to the petition. The petitioner asserted that he did not receive a copy of the respondent's December 1, 2000, response to the petition. The response to the petition contained an undated certificate of service. The address to which petitioner's copy was sent did not include the petitioner's inmate identification number. It was possible that the petitioner had not received the response. The Clerk of Court was directed to send to the petitioner a copy of the response (Doc. 15) to the petition. The petitioner's motion for entry of default and sanctions was denied.

The Order of October 10, 2000, provided that the respondents:

> shall respond to the petition for writ of habeas corpus in the manner required by Rule 5, 28 U.S.C.A. foll. §2254:
> The answer shall respond to the allegations of the petition. In addition it shall state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his

3

AO 72A

> right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding. The answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the nontranscribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.

The December 1, 2000 response to the petition did not state the respondent's position on whether or not the petitioner has exhausted state remedies. The respondent was ordered to file a supplemental response stating the position of

4

the Commonwealth on the question whether the petitioner has exhausted state remedies and the Commonwealth's position on the petitioner's assertion that exhaustion of state remedies should be excused because of inordinate delay in the state court. The respondent was directed to attach to the supplemental response copies of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief.

On January 8, 2001, a supplemental response to the petition was filed. The response did not provide to the court as directed copies of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief. By an Order dated January 24, 2001, we again ordered that the respondent provide copies to the court of all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition

5

for post-conviction collateral relief, so that we can make a determination concerning the exhaustion issues.

On February 8, 2001, the respondent filed documents in response to the Order of January 24, 2001. On February 22, 2001, the petitioner filed a request for the court to order the production of additional documents.

The respondent contends that the petition should be dismissed because the petitioner has not exhausted state remedies.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. §2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a

6

state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran, supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845. This means that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in

7

order to satisfy the exhaustion requirement." *Id.* at 839-40.

The petitioner contends that he should be excused from exhausting state remedies because of inordinate delay in the state court. More specifically, the petitioner claims that he filed a petition for Post Conviction Collateral Relief in the Court of Common Pleas in 1992, that the court held a hearing on that petitioner on August 11, 1993, but that the court has not ruled on his petition.

The respondent's stated the following with respect to the petitioner's petition for Post Conviction Collateral Relief:

> 6. On March 24, 1992, Petitioner filed a petition for Post-Conviction Collateral Relief in the Court of Common Pleas of Luzerne County. The Court appointed counsel for Petitioner, and scheduled a hearing for June 17, 1993.
> 7. Defense counsel subsequently filed a Motion for Continuance, on the grounds that he had been unable to locate Petitioner, and the Petitioner had requested counsel to withdraw the Petition for Post-Conviction Collateral Relief. The Court granted this Motion by Order dated June 15, 1993.
> 8. No further action has been taken on Petitioner's Petition for Post-Conviction Collateral Relief.

(Doc. 15 at ¶6-8).

8

These statements by the respondent may reasonably lead to an inference that the reason the state court has not ruled on the petitioner's Post Conviction Collateral Relief Petition is because the petitioner's counsel requested that the petition be indefinitely continued or even dismissed. However, despite being ordered to file all motions, briefs and orders filed in the state courts concerning the petitioner's direct appeal of his conviction and his petition for post-conviction collateral relief, the respondent has failed to produce the alleged motion for continuance or the alleged Order of June 15, 1993. Rather, the documents that the respondent have produced indicate that a hearing was held on the petitioner's Post Conviction Collateral Relief petition on August 11, 1993.

Given that there has been no apparent action by the court on the petitioner's Post Conviction Collateral Relief petition since the hearing on August 11, 1993, we deem that there has been inordinate delay in the state proceeding and that the petitioner is excused from exhausting state remedies with regard to the issues that he raised in his Post Conviction

9

Collateral Relief Petition. *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991)(inordinate delay in the state courts may excuse the exhaustion requirement).

We will appoint counsel to represent the petitioner in addressing the merits of his claims. We will order the petitioner, through counsel, to file a brief addressing the merits of his claims.

>   28 U.S.C. 2254(e)(2) provides:
>
>   (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>   (A) the claims relies on -
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously discoverer through the exercise of due diligence; and
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

10

The petitioner's brief shall address, *inter alia,* whether the petitioner is requesting a hearing and whether pursuant to 28 U.S.C. § 2254(e)(2) he is entitled to such a hearing.

AND NOW, this 12th day of March, 2001, **IT IS HEREBY ORDERED** that the Federal Public Defender, 100 Chestnut Street, Suite 306, Harrisburg, Pennsylvania, 17101, telephone (717)782-2237, is appointed to represent the petitioner. Within thirty days of the date of this Order, the petitioner, through counsel, shall file a brief addressing the merits of his claims. The respondent shall file a brief in opposition with fifteen days after the petitioner's brief is filed. The petitioner may file a reply brief within ten days after the respondent's brief is filed. **IT IS FURTHER ORDERED** that the petitioner's motion (doc. 24) for court ordered documents is **DENIED** without prejudice to such a motion being filed by counsel.

J. Andrew Smyser
Magistrate Judge

Dated: March 12, 2001.

11

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 12, 2001

Re: 1:00-cv-01490    Mason v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

Jerry Mason
SCI-R
SCI at Rockview
BK-6012
P.O. Box A
Bellefonte, PA  16823

David W. Lupas, Esq.
225 Wyoming Ave
West Pittston, PA  18643

Frank P. Barletta, Esq.
District Attorney's Office
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA  18711

David W Lupas, Esq.
District Attorney of Luzerne County
Courthouse
200 N. River St.
Wilkes-Barre, PA  18711

David W. Lupas
Luzerne County Courthouse
Wilkes Barre, PA  18711

*need only be in here once!* [handwritten annotation]

```
cc:
Judge                       ( )              ( ) Pro Se Law Clerk
Magistrate Judge            ( )              ( ) INS
U.S. Marshal                ( )              ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( )
Federal Public Defender     ( )
Summons Issued              ( ) with N/C attached to complt. and served by:
                                U.S. Marshal ( )   Pltf's Attorney ( )

Standard Order 93-5         ( )
Order to Show Cause         ( ) with Petition attached & mailed certified mail
                                to:  US Atty Gen  ( )   PA Atty Gen ( )
                                     DA of County ( )   Respondents ( )

Bankruptcy Court            ( )
Other_____         ( )
                                              MARY E. D'ANDREA, Clerk


DATE:   3/12/01                          BY:  _____
                                              Deputy Clerk
```