IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



JERRY MASON,
    *Petitioner*

v.

ROBERT W. MEYERS,
Superintendent,
    *Respondent*

Civil No. 1:00-CV-1490

(Magistrate Judge Smyser)

FILED
HARRISBURG, PA
MAY 0 4 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## PETITIONER'S MOTION FOR DISCOVERY

AND NOW comes the petitioner, Jerry Mason, by his attorney Daniel I. Siegel of the Federal Public Defender's Office, and files this Motion for Discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

1.    Petitioner Jerry Mason, a prisoner in the Pennsylvania prison system, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254.

2.    Mr. Mason is currently serving a sentence of fourteen to twenty-eight years imprisonment arising from convictions for kidnaping, rape, and related offenses.

3.    Briefing in support of the petition for writ of habeas corpus is due to be filed on or before May 21, 2001.

4.  At trial, the Commonwealth presented testimony by Pennsylvania State Police Criminalist George Surma (Tr. 515, Exhibit A).

5.  The Pennsylvania State Police Criminalist testified that he had tested an undergarment (provided by the rape victim) and that the undergarment had tested positive for the presence of human sperm (Tr. 523, Exhibit A).

6.  The undergarment, a pair of panties, was identified as Commonwealth Exhibit 21 (Tr. 520, Exhibit A).

7.  Petitioner alleges that he is actually innocent, that he was mistakenly identified as the assailant, that trial counsel was ineffective in failing to conduct DNA testing, and that a DNA test would exclude him as the source of the sperm found on Exhibit 21.

8.  The Federal Public Defender has attempted to secure Exhibit 21 for testing; Assistant District Attorney Frank P. Barletta has so far been unable to locate Exhibit 21.

9.  Rule 34(a) of the Federal Rules of Civil Procedure permits a party to secure production and testing of relevant items in the possession, custody or control of the opposing party.

10. Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

11. Because DNA testing of the undergarment is essential to prove petitioner's claim, there is good cause for an order of discovery.

12. If, after the issuance of an order of discovery, the District Attorney is still unable to locate Exhibit 21, petitioner will move for depositions and/or an evidentiary hearing, so that the relevant evidence may be tracked down.

WHEREFORE, it is respectfully requested that a Motion for Discovery be granted, and that the District Attorney of Luzerne County be directed to produce Exhibit 21 for DNA testing by the defense.

Respectfully submitted,

Date: May 4, 2001

Daniel I. Siegel, Esquire
Asst. Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Attorney for Jerry Mason
Attorney ID # 38910

## CERTIFICATE OF CONCURRENCE

I, Daniel I. Siegel, of the Federal Public Defender's Office certify that on May 4, 2001, I contacted Assistant District Attorney Frank P. Barletta, who stated that he would concur in this Motion for Discovery.

Date: May 4, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender

## **CERTIFICATE OF SERVICE**

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing **MOTION FOR DISCOVERY** by placing the same in the United States mail, first class, in Harrisburg, Pennsylvania, addressed to the following:

>Frank P. Barletta, Esquire
Assistant District Attorney
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA 18711

>Jerry Mason
Inmate No. BK-6012
SCI Rockview
PO Box A
Bellefonte, PA 16823

Date: May 4, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Jerry Mason