ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MASON,<br>    *Petitioner* | : | |
| v. | : | Civil No. 1:00-CV-1490 |
| | : | (Judge Rambo) |
| ROBERT W. MEYERS,<br>Superintendent,<br>    *Respondent* | : | (Magistrate Judge Smyser) |

FILED
HARRISBURG, PA
AUG 07 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PETITIONER'S MOTION FOR DEPOSITION

AND NOW comes the petitioner, Jerry Mason, by his attorney Daniel I. Siegel of the Federal Public Defender's Office, and files this Motion for Deposition.

1. Petitioner Jerry Mason, a prisoner in the Pennsylvania penal system, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

2. Mr. Mason is currently serving a sentence of fourteen to twenty-eight years imprisonment arising from convictions for kidnaping, rape, and related offenses.

3. On May 4, 2001, petitioner filed a Motion for Discovery, seeking to perform DNA tests on a pair of panties identified as Commonwealth Exhibit 21.

4.  By order dated June 4, 2001, this Court directed that Exhibit 21 be produced for testing on or before June 18, 2001.

5.  The Commonwealth has not produced Exhibit 21.

6.  On Monday, August 6, 2001, Assistant District Attorney Frank Barletta informed undersigned counsel that he has been unable to locate Exhibit 21.

7.  Petitioner asserts that he is actually innocent of the charged offenses, that he was mistakenly identified as the perpetrator of these offenses, and that DNA testing would exclude him as the source of the sperm found on Exhibit 21.

8.  Because testing of Exhibit 21 is essential to a fair disposition of the instant case, petitioner seeks to conduct depositions to ascertain the whereabouts of this exhibit.

9.  Depositions would be conducted at a location convenient to the Luzerne County Courthouse, at a time convenient to the Assistant District Attorney and his witnesses, with transcription expenses to be borne by the Federal Public Defender.

10. Depositions would be conducted pursuant to the requirements of Rule 30 of the Federal Rules of Civil Procedure.

11. Under Rule 6(a) of the Rules Governing Section 2254 Cases, a petitioner must demonstrate good cause for an order of discovery; given that DNA testing of the physical evidence might exculpate the petitioner, it is submitted that good cause has been established.

12. Discovery proceedings regarding DNA evidence are appropriate where the evidence sought is reasonably necessary to support the petitioner's claim of actual innocence and to use innocence as a gateway to show that prejudice resulted from counsel's ineffective assistance. Cherrix v. Braxton, 131 F.Supp.2d 756 (E.D. Va. 2000).

WHEREFORE, it is respectfully requested that Petitioner's Motion for Deposition be granted.

Respectfully submitted,

Date: Aug. 7, 2001

Daniel I. Siegel, Esquire
Asst. Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Attorney for Jerry Mason
Attorney ID # 38910

## CERTIFICATE OF NON-CONCURRENCE

I, Daniel I. Siegel, of the Federal Public Defender's Office certify that on August 6, 2001, I contacted Assistant District Attorney Frank P. Barletta, who indicated that he would not concur with the foregoing motion.

Date: Aug. 7, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender

## CERTIFICATE OF SERVICE

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of **PETITIONER'S MOTION FOR DEPOSITION** by placing the same in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

>Frank P. Barletta, Esquire
>Assistant District Attorney
>Luzerne County Courthouse
>200 North River Street
>Wilkes-Barre, PA 18711


>Jerry Mason
>Inmate No. BK-6012
>SCI Rockview
>PO Box A
>Bellefonte, PA 16823

Date: Aug. 7, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Jerry Mason