"See attached"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MASON, | : | CIVIL NO. **1:00-CV-1490** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, Superintendent, | : | |
| Respondent | : | |

FILED HARRISBURG OCT 0 1 2001 MARY E. D'ANDREA, CLERK Per DEPUTY CLERK

### ORDER

On August 21, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises as grounds for habeas corpus relief: 1) that his request for DNA testing to establish his innocence was not granted and an eyewitness identification of him was tainted; 2) that he did not have the effective assistance of counsel; 3) that there was a conflict of interest on the part of his counsel; and 4) that his counsel failed to conduct an investigation or attack the legal jurisdiction of the trial court.

AO 72A

Given that there has been no apparent action by the Luzerne County Court of Common Pleas on the petitioner's Post Conviction Collateral Relief petition since August of 1993, by an Order dated March 12, 2001, we deemed that there has been inordinate delay in the state proceeding and that the petitioner is excused from exhausting state remedies with regard to the issues that he raised in his Post Conviction Collateral Relief Petition. *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991)(inordinate delay in the state courts may excuse the exhaustion requirement). We appointed counsel to represent the petitioner in addressing the merits of his claims, and we ordered the petitioner, through counsel, to file a brief addressing the merits of his claims.

On May 4, 2001, the petitioner filed a motion for discovery seeking an order requiring the District Attorney of Luzerne County to produce for DNA testing a pair of panties worn by the victim which had tested positive for the presence of human sperm. The petitioner contends that he is actually innocent, that he was mistakenly identified by the victim, that

2

his trial counsel was ineffective for failing to conduct DNA testing and that a DNA test would exclude him as the source of the sperm. The respondent did not oppose the petitioner's motion for discovery. By an Order dated June 4, 2001, the District Attorney for Luzerne County was ordered to produce, on of before June 18, 2001, the exhibit in question for DNA testing by the defense.

On August 7, 2001, the petitioner filed a motion to conduct depositions. In this motion the petitioner contends that the District Attorney has not produced the exhibit in question and that the Assistant District Attorney informed defense counsel that he has been unable to locate the exhibit. The petitioner is seeking to conduct depositions to ascertain the whereabouts of the exhibit. The respondent has not filed a brief in opposition to the motion for depositions.

After receiving an number of extensions of time, the petitioner filed a brief in support of his petition for a writ of habeas corpus. The petitioner did not brief the

3

petitioner's claim that his trial counsel was ineffective for failing to conduct DNA testing. The petitioner's brief addresses his other claims. On August 22, 2001, the respondents filed a brief in opposition to the petition.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." "'[Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The scope and extent of discovery is a matter confided to the discretion of the court. *Id.* at 909.

4

The National Commission on the Future of DNA Evidence has indicated that finding the evidence for DNA testing is often the most difficult part of the process. *See* National Commission on the Future of DNA Evidence, *Postconviction DNA Testing: Recommendations for Handling Requests* 45 (1999) (located at http://www.ncjrs.org/txtfiles1/nij/177626.txt). "Many times all parties believe that the evidence has been destroyed, when in fact is has not." *Id.*

We will grant the petitioner's unopposed motion to conduct depositions.

AND NOW, this 1st day of October, 2001, **IT IS HEREBY ORDERED** that the petitioner's unopposed motion (doc. 40) to conduct depositions is **GRANTED**. The petitioner may conduct reasonable depositions in an attempt to locate the exhibit in question.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: October  1 , 2001.

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

October 1, 2001

Re:  1:00-cv-01490    Mason v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

Jerry Mason
SCI-R
SCI at Rockview
BK-6012
P.O. Box A
Bellefonte, PA  16823

Daniel Isaiah Siegel, Esq.
100 Chestnut St.
Suite 306
Harrisburg, PA  17101

David W. Lupas, Esq.
225 Wyoming Ave
West Pittston, PA  18643

Frank P. Barletta, Esq.
District Attorney's Office
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA  18711

David W Lupas, Esq.
District Attorney of Luzerne County
Courthouse
200 N. River St.
Wilkes-Barre, PA  18711

David W. Lupas
Luzerne County Courthouse
Wilkes Barre, PA  18711

```
cc:
Judge                           ( ✓ )           ( ) Pro Se Law Clerk
Magistrate Judge                ( ✓ )           ( ) INS
U.S. Marshal                    ( )             ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )   with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )   with Petition attached & mailed certified mail
                                      to:  US Atty Gen  ( )   PA Atty Gen ( )
                                           DA of County ( )   Respondents ( )
Bankruptcy Court                ( )
Other_____ ( )
                                                     MARY E. D'ANDREA, Clerk

DATE: 10/1/01                                  BY: _____
                                                     Deputy Clerk
```