

*See attached*

47
10/18/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY MASON, | : CIVIL NO. 1:00-CV-1490 |
| Petitioner | : (Judge Rambo) |
| v. | : (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, Superintendent, | : |
| Respondent | : |

**FILED**
HARRISBURG, PA

OCT 1 8 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

<u>ORDER</u>

On August 21, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises as grounds for habeas corpus relief: 1) that his request for DNA testing to establish his innocence was not granted and an eyewitness identification of him was tainted; 2) that he did not have the effective assistance of counsel; 3) that there was a conflict of interest on the part of his counsel; and 4) that his counsel failed to conduct an investigation or attack the legal jurisdiction of the trial court.

AO 72A
(Rev.8/82)

Given that there has been no apparent action by the Luzerne County Court of Common Pleas on the petitioner's Post Conviction Collateral Relief petition since August of 1993, by an Order dated March 12, 2001, we deemed that there has been inordinate delay in the state proceeding and that the petitioner is excused from exhausting state remedies with regard to the issues that he raised in his Post Conviction Collateral Relief Petition. *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991)(inordinate delay in the state courts may excuse the exhaustion requirement). We appointed counsel to represent the petitioner in addressing the merits of his claims, and we ordered the petitioner, through counsel, to file a brief addressing the merits of his claims.

On May 4, 2001, the petitioner filed a motion for discovery seeking an order requiring the District Attorney of Luzerne County to produce for DNA testing a pair of panties worn by the victim which had tested positive for the presence of human sperm. The petitioner contends that he is actually innocent, that he was mistakenly identified by the victim, that

2

his trial counsel was ineffective for failing to conduct DNA testing and that a DNA test would exclude him as the source of the sperm. The respondent did not oppose the petitioner's motion for discovery. By an Order dated June 4, 2001, the District Attorney for Luzerne County was ordered to produce, on of before June 18, 2001, the exhibit in question for DNA testing by the defense.

After receiving a number of extensions of time, the petitioner filed a brief in support of his petition for a writ of habeas corpus. The petitioner did not brief the petitioner's claim that his trial counsel was ineffective for failing to conduct DNA testing. The petitioner's brief addresses his other claims. On August 22, 2001, the respondents filed a brief in opposition to the petition.

On August 7, 2001, the petitioner filed a motion to conduct depositions. In this motion the petitioner contended that the District Attorney has not produced the exhibit in question and that the Assistant District Attorney informed

3

defense counsel that he has been unable to locate the exhibit. The petitioner sought to conduct depositions to ascertain the whereabouts of the exhibit. The respondent did not file a brief in opposition to the motion for depositions. By an Order filed on October 1, 2001 the petitioner's unopposed motion to conduct depositions was granted and the petitioner was permitted to conduct reasonable depositions in an attempt to locate the exhibit in question.

On October 17, 2001, the petitioner filed a motion for a subpoena duces tecum. The petitioner filed the motion ex parte.

The only basis that the petitioner cites for filing his motion ex parte is Fed.R.Crim.P. 17(b). Fed.R.Crim.P. 17(b) provides:

> The court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the

4

> process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

Fed.R.Crim.P. 17(b) allows an ex parte subpoena so that an indigent defendant may obtain a subpoena without being forced to disclose in advance of trial the theory of his defense. *United States v. Scott*, 223 F.3d 208, 211 (3d Cir. 2000). The ex parte procedure in Fed.R.Civ.P. 17(b) levels the playing field between defendants able to pay (and thereby not called upon to disclose to the opposing side) the costs associated with a subpoena and those who must requests payment of the costs of a subpoena from the court. *In Re Pruett*, 133 F.3d 275, 279 (4th Cir. 1997).

Fed.R.Civ.P. 17(b) does not apply in a 28 U.S.C. § 2254 habeas corpus case. Pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts any discovery authorized by the court is to be conducted under the provisions of the Federal Rules of Civil Procedure. There is no provision for ex parte discovery under the Federal Rules of

5

AO 72A
(Rev.8/82)

Civil Procedure. In a 2254 habeas case, the court has "no authority to order discovery upon an ex parte motion." *In re Pruett, supra,* 133 F.3d at 280.

In this case the petitioner is seeking a subpoena in aid of his search for an exhibit for DNA testing. The respondent is aware of the petitioner's search for the exhibit. There is no reason for a motion for a subpoena to be filed ex parte. In the search for evidence for DNA testing defense counsel should consult with the prosecutor. *See* National Commission on the Future of DNA Evidence, *Postconviction DNA Testing: Recommendations for Handling Requests* 47 (1999) (located at http://www.ncjrs.org/txtfiles1/nij/177626.txt) ("Throughout the search for the evidence, defense counsel should actively consult with the prosecutors and seek their assistance.").

Because the petitioner's motion was inappropriately filed ex parte, we will deny the motion without prejudice to the petitioner filing an appropriate motion.

6

AND NOW, this 18th day of October, 2001, **IT IS HEREBY ORDERED** that the petitioner's ex parte motion for a subpoena duces tecum is **DENIED WITHOUT PREJUDICE.**

*[signature]*
J. Andrew Smyser
Magistrate Judge

Dated: October 18, 2001.

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

October 18, 2001

Re: 1:00-cv-01490   Mason v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

Jerry Mason
SCI-R
SCI at Rockview
BK-6012
P.O. Box A
Bellefonte, PA  16823

Daniel Isaiah Siegel, Esq.
100 Chestnut St.
Suite 306
Harrisburg, PA  17101

David W. Lupas, Esq.
225 Wyoming Ave
West Pittston, PA  18643

Frank P. Barletta, Esq.
District Attorney's Office
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA  18711

David W Lupas, Esq.
District Attorney of Luzerne County
Courthouse
200 N. River St.
Wilkes-Barre, PA  18711

David W. Lupas
Luzerne County Courthouse
Wilkes Barre, PA  18711

```
cc:
Judge                        ( )              ( ) Pro Se Law Clerk
Magistrate Judge             ( )              ( ) INS
U.S. Marshal                 ( )              ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                  to:  US Atty Gen   ( )   PA Atty Gen   ( )
                                       DA of County  ( )   Respondents   ( )
Bankruptcy Court             ( )
Other _____    ( )
                                              MARY E. D'ANDREA, Clerk


   DATE: _____        BY: _____
                                            Deputy Clerk
```