IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY MASON,<br>*Petitioner* | Civil No. 1:00-CV-1490 |
| v. | (Judge Rambo) |
| ROBERT W. MEYERS,<br>Superintendent,<br>*Respondent* | (Magistrate Judge Smyser) |

FILED
FEB 2 6 2002
PER ____
HARRISBURG, ____ DEPUTY CLERK

## BRIEF IN SUPPORT OF OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

AND NOW comes the petitioner, Jerry Mason, by his attorney Daniel I. Siegel of the Federal Public Defender's Office, and files this Brief in Support of Objections to the Report and Recommendation of the Magistrate Judge.

### I. Procedural History

Petitioner Jerry Mason, an inmate in the Pennsylvania prison system, has filed a petition under 28 U.S.C. § 2254, wherein he seeks a writ of habeas corpus, conditioned on the granting of a new trial. By report and recommendation filed February 20, 2002, the Magistrate Judge Recommended that habeas corpus relief be denied. Petitioner objects to the report and recommendation.

## II. Statement of Facts

Petitioner Jerry Mason is currently serving a sentence of fourteen to twenty-eight years imprisonment arising from convictions for kidnaping, rape, and related offenses, all entered in the Court of Common Pleas of Luzerne County, Pennsylvania. Mr. Mason asserts his actual innocence and raises four grounds in support of habeas corpus relief. First, he argues that his request for DNA testing to establish his innocence was not granted and that an eyewitness identification of him was tainted. Second, he argues that he did not have effective assistance of counsel at trial. Third, he argues that prior counsel suffered from a conflict of interest. Fourth, he argues that his counsel failed to conduct an investigation or attack the legal jurisdiction of the trial court. In support of his motion, Mr. Mason submits Petitioner's Exhibit A, the transcript of his state court post-conviction hearing of Wednesday, August 11, 1993, and Petitioner's Exhibit B, the Statement of Federal Public Defender Investigator Richard S. Garvey.

## III. Issue Presented

SHOULD A WRIT OF HABEAS CORPUS BE ISSUED
BASED UPON THE DENIAL OF MR. MASON'S
SIXTH AMENDMENT RIGHT TO EFFECTIVE AND
CONFLICT-FREE COUNSEL?

## IV. Argument

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall...have the Assistance of Counsel for his defence." Under the Sixth Amendment, criminal defendants have a right to reasonably effective legal assistance. Roe v. Flores-Ortega, 528 U.S. 470, 475, 120 S.Ct. 1029, 1034 (2000). Additionally, "[t]he right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client." Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 324 (1948).

A state prisoner is entitled to federal habeas corpus relief when trial counsel rendered constitutionally ineffective assistance, or where counsel labored under a conflict of interest. In order to establish ineffective assistance of counsel, the prisoner must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Where a conflict of interest is alleged, prejudice may be presumed if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. Id., 466 U.S. at 692, 104 S.Ct. at 2067.

3

Petitioner submits that his continued incarceration violates his Sixth Amendment rights to effective and conflict-free counsel. First, he argues that trial counsel was ineffective for failing to properly investigate the eyewitness identification of the alleged victim. Second, petitioner asserts that counsel was ineffective in failing to investigate regarding an alibi witness. Third, petitioner asserts that trial counsel was ineffective in failing to investigate relevant jurisdictional facts. Fourth, petitioner asserts that prior counsel labored under a conflict of interest, in that he received post-trial representation by the very attorney who had prosecuted him at the preliminary hearing.

Turning to the first claim, petitioner asserts that trial counsel was ineffective in failing to investigate the facts and circumstances surrounding the in-court identification by the woman who was attacked. As reflected in the Statement of Federal Public Defender Investigator Richard S. Garvey (Exhibit B), the Federal Public Defender's Office on May 14, 2001, conducted an interview of Mr. Mark Metzo of Whitehaven, Pennsylvania. Mr. Metzo served as a part-time police officer at the time of the assault, and was present at Whitehaven Police Headquarters when the victim phoned in her report of the assault. Mr. Metzo told the Federal Public Defender's investigator that he heard Officer Robert Searfoss

4

receiving the phone call, and that Officer Searfoss told the victim "that sounds like Jerry Mason." Because trial counsel did not exercise the diligence necessary to discover this relevant evidence, and because no reasonable fact finder would have found petitioner guilty in the face of this evidence, petitioner seeks an evidentiary hearing pursuant to 28 U.S.C. §§ 2254(e)(2)(A)(ii) and 2254(e)(2)(B).

Turning to the second claim, petitioner asserts that trial counsel was ineffective in failing to investigate regarding the existence of an alibi witness. At the state court evidentiary hearing, petitioner testified that he notified counsel of the existence of an alibi witness, Timothy Reilly, who could have testified that Mr. Mason was with him at the time the attack occurred (Exhibit A, page 7). Because failure to investigate on this point fell below an objective standard of reasonableness, and because the defendant was prejudiced by the failure to investigate, defendant has met his burden of proving ineffectiveness on this claim.

Turning to the third point, Mr. Mason alleges that trial counsel was ineffective in failing to investigate regarding relevant jurisdictional facts. Specifically, trial counsel failed to conduct an investigation regarding the exact location of the alleged assault. Had that investigation occurred, it could have

5

proven that the crime occurred outside Luzerne County, and that the Court of Common Pleas of Luzerne County was without jurisdiction (Exhibit A, page 8). Because counsel's failure to investigate this point was objectively unreasonable, and because the failure to investigate prejudiced the defense, defendant has met his burden of proving ineffective assistance on this claim.

Turning to the fourth and final point, petitioner claims that post-trial counsel labored under an actual conflict of interest (Exhibit A, page 11). The testimony at the state court post-conviction hearing establishes that: a) Attorney Virginia Murtha-Cowley represented the prosecution at Mr. Mason's preliminary hearing; b) that Ms. Murtha-Cowley subsequently left the prosecutor's office and took a job with the county public defender's office; and c) that Ms. Murtha-Cowley was then assigned to prepare the brief in support of post-verdict motions on behalf of Mr. Mason (Exhibit A, pages 34-37). The existence of this conflict of interest is another ground for granting post-conviction relief.

## V. Conclusion

WHEREFORE, it is respectfully requested that the writ be issued, conditioned upon the Commonwealth's right to retry the defendant within sixty days.

Respectfully submitted,

Date: Feb. 26, 2002

Daniel I. Siegel, Esquire
Asst. Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Attorney for Jerry Mason
Attorney ID # 38910

## CERTIFICATE OF SERVICE

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing **BRIEF IN SUPPORT OF OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** by placing the same in the United States mail, first class, in Harrisburg, Pennsylvania, addressed to the following:

> Frank P. Barletta, Esquire
> Assistant District Attorney
> Luzerne County Courthouse
> 200 North River Street
> Wilkes-Barre, PA 18711

> Jerry Mason
> Inmate No. BK-6012
> SCI Rockview
> PO Box A
> Bellefonte, PA 16823

Date: Feb. 26, 2002

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Jerry Mason